Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ROBERT W. GETTLEMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1777 | **DATE** | 7/2/02 |
| **CASE TITLE** | Cello Pettiford v. Michael Sheahan, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter memorandum opinion and order. Plaintiff's motion for reconsideration [11-1] is granted in part. Plaintiff's motion for extension of time [11-2] is granted. Plaintiff is given sixty days from the date of this order to file an amended complaint in compliance with the rulings set forth in the memorandum opinion and order. No further extensions of time will be granted. The clerk is directed to send plaintiff a copy of the complaint in *Pettiford v. Pucinski*, No. 00 C 3225.

(11) ■ For further detail see order attached to the original minute order.

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 0 2 2002 date docketed | 15 |
| X | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| | | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CELLO PETTIFORD )
    Plaintiff, )
)
v. ) No. 02 C 1777
)
MICHAEL SHEAHAN, et al., ) Judge Robert W. Gettleman
)
    Defendants. )

MEMORANDUM OPINION AND ORDER

Plaintiff Cello Pettiford, currently detained in the Cook County Jail, filed a pro se complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights during previous confinements there. By order dated April 18, 2002, the court granted Pettiford leave to proceed in forma pauperis but dismissed the complaint because the court's initial review of the complaint, as required by 28 U.S.C. § 1915A, disclosed two serious problems. Because it appeared that Pettiford might be able to state a claim that would survive these objections, Pettiford was given leave to file an amended complaint within thirty days. Pettiford failed to do so, and the court dismissed this suit. However, before the dismissal order was entered on May 29, 2002, Pettiford had filed a motion for reconsideration and extension of time. On June 7, 2002, the court vacated the dismissal and now grants the motion for reconsideration in part.

The first problem identified by the court was that all of Pettiford's claims appeared barred by the statute of limitations.[1] Illinois' two-year statute of limitations for personal injury claims, 735 ILCS 5/13-202, governs § 1983 claims arising in Illinois. *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001). Pettiford's complaint was dated February 28, 2002, and received March

---

[1] Although limitations is an affirmative defense, "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002). Because there was a possibility that some claims were not barred, the complaint was dismissed with leave to amend.

7, 2002.[2] But Pettiford's complaint begins with an account of his assault by sheriff's deputies in April of 1995, and the latest action of which he complains took place "on or about 14 February 2000."

The Seventh Circuit recently held that the limitations period is tolled while a prisoner exhausts administrative remedies as required by 42 U.S.C. § 1997e(a). *Johnson v. Rivera*, 272 F.3d 519 (7th Cir. 2001). In its order dismissing Pettiford's complaint, the court recognized that it was possible that some of Pettiford's claims could be timely if grievances had been pending with respect to them within two years before he filed this suit. Pettiford had stated that he had been released from custody on May 26, 2000, only three months short of two years before the filing date. After May 26, 2000, Pettiford was no longer a "prisoner" as defined in 28 U.S.C. § 1915(h) and not required to exhaust administrative remedies, ending the tolling of the limitations period. Pettiford was directed to allege in his amended complaint when he filed a grievance with respect to each claim, when it was resolved, and the date and result of any appeal.

The second problem the court identified was *res judicata*, Latin for "a thing adjudged," the principle that one final judgment on a claim is enough. This court's records show that in *Pettiford v. Pucinski*, No. 00 C 3225, filed May 26, 2000, Pettiford sued six of the defendants named in this case, Michael Sheahan, Marcus Lyles, Richard Remus, James Edwards, Henry Troka and a "Deputy Demcak" (no first name given). It appeared that many of the incidents recited in the present complaint had been alleged in *Pettiford v. Pucinski*, which had been dismissed for want of prosecution on December 19, 2000. In federal court, dismissal for want of prosecution is dismissal with prejudice, unless otherwise stated in the court's order. *LeBeau v. Taco Bell, Inc.*, 892 F.2d 605, 607 (7th Cir. 1989). Because the dismissal was a final judgment with prejudice, *res judicata* prevents Pettiford from bringing a new suit against any defendant named in the prior suit on any

---

[2] Although a complaint is not actually filed until the filing fee is paid or the plaintiff given leave to proceed without prepayment, it is deemed filed for limitations purposes on the date it is received. In the case of an incarcerated person, it is deemed filed when given to institutional officials for mailing. Local Rule 3.3(d)(1); *see Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2002)("We need not decide here whether there is any kind of paper, or any circumstance, under which a district court would be entitled to hold a *pro se* prisoner litigant to an actual receipt standard, but we are confident that this would be an exceptional situation.").

claim arising from the same set of operative facts. *Roboserve, Inc. v. Kato Kagaku Co., Ltd.*, 121 F.3d 1027, 1034 (7th Cir. 1997).

Pettiford raises four grounds for reconsideration. First, Pettiford asserts that his claims are not untimely because his incarceration tolled the limitations period. Pettiford is mistaken. Imprisonment is not a "legal disability" under Illinois law, because prisoners are competent to sue in their own names. At one time, incarceration did toll the limitations period in Illinois. However, P.A. 86-1329, effective January 1, 1991, eliminated from Ill. Rev. Stat. Ch. 110 ¶13-217 (now 735 ILCS 5/13-211) references to a person entitled to bring an action who "is imprisoned on a criminal charge" at the time the cause of action accrued, as well as the statement that he or she may bring an action after "the person ceases to be imprisoned." Since that amendment, Illinois statutes of limitations are not tolled for prisoners. *See Schweihs v. Burdick*, 96 F.3d 917, 919 (7th Cir. 1996). The two-year limitations period began to run when Pettiford knew, or should have known, of the facts upon which he bases his claims.

Second, Pettiford appears to have misunderstood the interaction between the requirement that prisoners exhaust administrative remedies and the statute of limitations. As the court noted in its previous order, the limitations period is tolled while a prisoner exhausts administrative remedies as required by 42 U.S.C. § 1997e(a). In *Johnson*, the Seventh Circuit explained that in borrowing the state statute of limitations for suits under § 1983, federal courts also borrow state tolling rules. Illinois law tolls the limitations period when a plaintiff is legally barred from bringing suit: "[w]hen the commencement of an action is stayed by an injunction, order of court, *or statutory prohibition*, the time of the continuance of the injunction or prohibition is not part of the time limited for the commencement of the action." 735 ILCS 5/13-216 (emphasis added). *Johnson* held that 42 U.S.C. § 1997e(a), which prevents a prisoner from bringing suit under federal law before administrative remedies have been exhausted, is such a statutory prohibition that tolls the limitations period. *Johnson*, 272 F.3d at 521-22.

The requirement that prisoners exhaust administrative remedies took effect on the effective date of the Prison Litigation Reform Act, April 26, 1996, which would have stopped the limitations

3

clock as long as Pettiford was incarcerated. Once Pettiford was no longer incarcerated, he was no longer subject to the exhaustion requirement, and the clock would have restarted. Pettiford stated in the complaint that he had been released from custody on May 26, 2000, three months short of two years before filing this suit. Accordingly, any claim that accrued more than three months before April 26, 1996 -- such as Pettiford's claims that he was assaulted by deputies in April of 1995 and by another inmate in August of 1995 -- is barred, regardless of how long the associated grievances were pending.

Further, although Pettiford does not give other dates when he was released from custody, it is possible that he was not continuously incarcerated from April of 1995 until May 26, 2000. If he had been released in the meantime, it would have restarted the limitations period with respect to any claim that had accrued as of the date of release.[3]

Pettiford's assertion that he filed grievances with respect to all of his claims is taken as true at this stage, but this does not establish that his claims are timely. With respect to each claim, Pettiford should allege, if he can, the disposition of each grievance, when it was decided, whether he appealed, the result on appeal, and when the appeal was decided. He must also give the earliest date he was released from custody after the incident or incidents that gave rise to the claim.

Third, Pettiford states that certain claims asserted in this suit were previously raised in two suits filed in 1999 in the Circuit Court of Cook County, Illinois, that were subsequently dismissed for want of prosecution. Pettiford states that Counts I through IV of the present complaint were raised in *Pettiford v. County of Cook*, No. 99 L 6287, filed June 8, 1999, and dismissed without prejudice on February 28, 2000. Pettiford states he appealed the dismissal, but the appeal was dismissed for want of prosecution on March 15, 2001. Pettiford states that Count V of the present

---

[3] What happens when a prisoner is released, then subsequently reincarcerated before filing suit, is an interesting question. Presumably in most cases the correctional system terminates the grievance proceeding when the grievant is released from custody, and in almost all cases it would make no sense to require a reincarcerated inmate to reopen it. Consequently, if an inmate's release resulted in the termination of his grievance proceeding short of exhaustion, he should not be prevented from bringing suit after he is reincarcerated. The court is not aware of caselaw on this point. If reincarceration does not reinstate the bar of § 1997e(a) for claims arising during a previous incarceration, it would not toll the limitations period.

4

suit was raised in *Pettiford v. County of Cook*, No. 99 L 3485, filed March 26, 1999, and dismissed without prejudice on August 16, 2001.

Pettiford asserts that these actions gave defendants fair notice of his claims, so his present complaint should "relate back" for limitations purpose. Pettiford is mistaken; "relation back" applies to an amended complaint in the same suit, not a new suit, and the concept of "fair notice" is irrelevant to the running of the statute of limitations. Nevertheless, a suit filed in Illinois state court and dismissed without prejudice *is* relevant. Illinois law permits a plaintiff to refile a suit dismissed without prejudice or for want of prosecution within one year of dismissal, even though the limitations period has run since the first suit was filed. 735 ILCS 5/13-217.[4] This tolling rule is given effect when the Illinois statute of limitations is borrowed for suits under 42 U.S.C. § 1983. *Gosnell v. City of Troy*, 59 F.3d 654, 656 (7th Cir. 1995).

Nevertheless, this one-year grace period applies only after a dismissal by the trial court; it would not apply to the dismissal of the subsequent appeal.[5] With respect to Counts I through IV, raised in No. 99 L 6287, the trial court's dismissal without prejudice on February 28, 2000,

---

[4] Although 735 ILCS 5/13-217 was amended by P.A. 89-7, effective March 9, 1995, removing this protection for suits dismissed for want of prosecution, P.A. 89-7 was declared unconstitutional in its entirety in *Best v. Taylor Machine Works*, 179 Ill.2d 367, 689 N.E.2d 1057 (1997). Prior to the amendment, § 5/13-217 read as follows:

> **Reversal or dismissal.** In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, if judgment is entered for the plaintiff but reversed on appeal, or if there is a verdict in favor of the plaintiff and, upon a motion in arrest of judgment, the judgment is entered against the plaintiff, or the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction, or the action is dismissed by a United States District Court for improper venue, then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff, his or her heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after such judgment is reversed or entered against the plaintiff, or after the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction, or the action is dismissed by a United States District Court for improper venue.

[5] A dismissal without prejudice for want of prosecution is not a final and appealable order before the expiration of the one-year refiling period. *S.C. Vaughan Oil Co. v. Caldwell, Troutt & Alexander*, 181 Ill.2d 489, 502, 693 N.E.2d 338, 344 (1998); *Ryan v. Rudeway Enterprises, Inc.*, 326 Ill.App.3d 959, 962-63, 763 N.E.2d 338, 341-42 (1st Dist. 2001). Here the appeal was dismissed after the expiration of the refiling period. Nevertheless, assuming the appeal was dismissed for want of prosecution rather than lack of jurisdiction, to construe the reference in § 5/13-217 to the dismissal of "an action" for want of prosecution as including the dismissal of an appeal would permit the plaintiff to double the grace period simply by filing an appeal and failing to prosecute it. This would be contrary to the intent of the legislature to create a one-year grace period, and the court finds no Illinois cases so holding.

5

permitted Pettiford to refile by February 28, 2001, without risk that limitations would bar the suit -- assuming, of course, that the original suit was timely. Because this suit missed that date by a year, the prior suit has no effect on the timeliness of Counts I-IV. On the other hand, with respect to claims asserted in Count V and raised in No. 99 L 3485, claims that were timely in that suit would be timely in this one. To this extent the court grants the motion for reconsideration.[6]

Fourth, Pettiford objects to the court's ruling that this court's dismissal of *Pettiford v. Pucinski* with prejudice bars, as *res judicata*, any claim against the same defendants that was brought, or could have been brought, in that suit. The court stands by that ruling, with the clarification that not all possible claims against the same defendants are barred, but all claims based on any "cause of action" asserted in the previous suit are barred. A "cause of action" for *res judicata* purposes is broadly defined as "a single core of operative facts which give rise to a remedy." *Roboserve*, 121 F.3d at 1034.

Pettiford argues that the dismissal of *Pettiford v. Pucinski* for want of prosecution should be disregarded because it was the fault of his appointed counsel. The suit was dismissed after Pettiford's attorney failed to file an amended complaint as directed and failed to appear at a status hearing after the amended complaint was due. Pettiford's counsel subsequently moved to vacate the dismissal and to withdraw from his representation of Pettiford, stating that Pettiford had not kept appointments. The court granted the motion to withdraw but denied the motion to reinstate the case. According to Pettiford's account in his motion to reconsider, counsel told him the suit had been dismissed, but that "he would have the claim reinstated, as it was his fault it was dismissed." Pettiford states that after he was reincarcerated in February of 2001 he had no further contact with appointed counsel.

As long as the final judgment in *Pettiford v. Pucinski* stands, it is *res judicata* in any subsequent suit between the same parties. That judgment cannot be affected by a motion or

---

[6] Pettiford refers to a third case, 01 L 8438 (no parties named), but does not state what relationship the claims in that case have to this suit. Pettiford states that an adversary motion to dismiss this case was granted on January 11, 2002. Because that suit proceeded to final judgment, it would be *res judicata* as to any claims based on the same operative facts against the same defendant or defendants.

pleading in this case, even though both suits are assigned to the same district judge. Pettiford has not moved to vacate the judgment in *Pettiford v. Pucinski*, and even accepting Pettiford's account as true, a motion to vacate the judgment at this time would be futile. The judgment satisfied due process and cannot be attacked as void. *See Grun v. Pneumo Abex Corp.*, 163 F.3d 411, 423-24 (7th Cir. 1998). Not only did Pettiford's counsel have notice of the dismissal, which served as notice to Pettiford, *see United States v. Indoor Cultivation Equipment from High Tech Indoor Garden Supply*, 55 F.3d 1311, 1318 (7th Cir. 1995), but Pettiford states that he had actual notice of it.

Litigants are normally bound by the actions, and inactions, of their attorneys. *See United States v. 8136 S. Dobson St.*, 125 F.3d 1076, 1084 (7th Cir. 1997); *Indoor Cultivation Equipment, supra*. If that seems harsh where an indigent person is represented by counsel not of his own choosing, Pettiford was himself at fault. Pettiford did not appear in court when his case was called, nor did he file anything contesting counsel's statement that no amended complaint had been filed because Pettiford failed to keep his appointments. Nor, apparently, did he inquire of the court for more than a year. Pettiford had one year from the date of judgment to seek to reopen the case under Rule 60(b)(1) on grounds of "mistake, inadvertence, surprise, or excusable neglect." It is now too late.

Finally, Pettiford asks the court to reconsider the denial of his motions for appointment of counsel. There is no right to counsel in civil cases. Local Rule LR 83.11(g) of this court requires each attorney admitted to this court's trial bar accept one appointment per year to represent persons who cannot afford to hire an attorney. An attorney appointed to represent a plaintiff who has no viable claim cannot be appointed to another case where he or she might make a difference. The court will consider appointing counsel only if it appears from an amended complaint that Pettiford has a claim that can proceed. Pettiford's complaints concerning law library access are irrelevant at this stage of the litigation, because an amended complaint does not require legal argument, only facts.

7

To summarize, the motion to reconsider is granted in part. The court acknowledges that claims raised in *Pettiford v. County of Cook,* No. 99 L 3485, filed March 26, 1999, if timely then, are timely in this suit as well. The court reaffirms its ruling that the final judgment in *Pettiford v. Pucinski*, No. 00 C 3225, bars any claim arising from the same operative facts against any of the defendants named in that suit.

Pettiford is given sixty days from the date of this order to file an amended complaint consistent with the rulings in this memorandum opinion and order. No further extensions will be granted. Pettiford should file the complaint together with one copy for the court and a copy for each named defendant.

The amended complaint shall include, with respect to each claim, allegations that, taken as true, show that the claim is not barred by the statute of limitations. If Pettiford was released from custody at any time between the earliest event recited in the amended complaint and May 26, 2000, he should give the dates of each release and reincarceration. Pettiford should also allege, to the best of his knowledge, the dates of filing and disposition of each administrative grievance relating to each claim. The amended complaint may not add new defendants or causes of action not alleged in the original complaint. The clerk is directed to send Pettiford a copy of the complaint in *Pettiford v. Pucinski*, No. 00 C 3225, for his review.

IT IS SO ORDERED.

_____
Robert W. Gettleman, Judge
United States District Court

DATED: June 2, 2002