**FILED**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAN 1 7 2003

Judge Robert W. Gettleman
United States District Court

CELLO PETTIFORD, )
    Plaintiff, )
v. )  No. 02 C 1777
)
DOCKETED )
JAN 2 4 2003 )  Honorable Judge
) Robert W. Gettleman
MICHAEL SHEAHAN, Sheriff et al., )
    Defendants. )
)

## NOTICE OF MOTION

To: Cello Pettiford
5446 N. Christiana
Chicago, Illinois 60625

**PLEASE TAKE NOTICE** that on January 23, 2003, at 9:15 a.m. I shall appear before the Honorable Robert W. Gettleman in the courtroom usually occupied by him in Room 1703 of the United State's District Court, Northern District of Illinois, Eastern Division, and present the attached <u>Defendants Sheahan, Remus, Edwards, Troka, Moore, Everhart, Martinez and Solecki's Motion to Dismiss Plaintiff's Amended Complaint.</u>

                                RICHARD A. DEVINE
                                State's Attorney of Cook County

By: _____
Paul W. Groah
Assistant State's Attorney
Civil Actions Bureau
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-5147

## CERTIFICATE OF SERVICE

I, Paul W. Groah, Assistant State's Attorney, certify that the attached notice was served upon the persons named above on January 17, 2003 by depositing such copy in the United State's Mail at 500 Richard J. Daley Center, Chicago, Illinois, in an envelope bearing sufficient postage.

_____
Paul W. Groah

FILED
JAN 17 2003
Judge Robert W. Gettleman
United States District Court

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CELLO PETTIFORD,
    Plaintiff,
v.

No. 02 C 1777

Honorable Judge
Robert W. Gettleman

MICHAEL SHEAHAN, Sheriff et al.,
    Defendants.

## DEFENDANTS' SHEAHAN, REMUS, EDWARDS, TROKA, MOORE, EVERHART, MARTINEZ, AND SOLECKI'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

NOW COME THE DEFENDANTS, SHEAHAN, REMUS, EDWARDS, TROKA, MOORE, EVERHART, MARTINEZ, AND SOLECKI, by and through their attorney RICHARD A. DEVINE, State's Attorney of Cook County, and his Assistant State's Attorney Paul W. Groah, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, move this Honorable Court to dismiss the Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted.

The Defendants attach their Memorandum of Law in support of their Motion to Dismiss and incorporate it into this motion.

Respectfully submitted,

RICHARD A. DEVINE
State's Attorney of Cook County

By: _____
Paul W. Groah
Assistant State's Attorney
Civil Actions Bureau
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-5147

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



CELLO PETTIFORD,
    Plaintiff,
v.

No. 02 C 1777

Honorable Judge
Robert W. Gettleman

MICHAEL SHEAHAN, SHERIFF et. al.,
    Defendants.

**DEFENDANTS' SHEAHAN, REMUS, EDWARDS, TROKA, MOORE, EVERHART, MARTINEZ, AND SOLECKI'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

NOW COME THE DEFENDANTS SHEAHAN, REMUS, EDWARDS, TROKA, MOORE, EVERHART, MARTINEZ, AND SOLECKI [1], by and through their attorney RICHARD A. DEVINE, State's Attorney of Cook County, and his Assistant State's Attorney Paul W. Groah, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, move this Honorable Court to dismiss the Plaintiff's Amended Complaint for failure to state a claim which relief can be granted. In support thereof, the Defendants state as follows:

**INTRODUCTION**

The Plaintiff, Cello Pettiford, alleges that the Sheriff of Cook County and named correctional employees of the Sheriff's Department violated his constitutional rights in violation of 42 U.S.C. § 1983 between April 4, 1995 to May 26, 2000 and February 22, 2001 to the present while he was a pretrial

---

[1] As of this date, while Defendant Deputy Hampton has been named in the instant case, he has not been served with summons. If Defendant Hampton is subsequently served, he would be entitled to the same statutory provisions as the other Defendants.



detainee at Cook County Department of Corrections. (C.C.D.O.C.) (¶ 4). Plaintiff alleges that Defendants Remus, and Martinez used excessive force upon him on February 24, 1999 and that Sheriff Sheahan permitted a custom of excessive force to be used by officers and the inadequate supervision and training of those employees. (¶ 62). He further alleges that on or about September 18, 1998 and February 24, 1999 Defendants Edwards and Moore did not adequately respond to his request for follow up medical treatment or denied him immediate medical care. (¶ 64). Plaintiff also alleges that Defendants Everhart and Solecki failed to protect him on February 24, 1999 and that Defendant Troka violated his right of access to court on August 23, 2001. (¶¶ 61, 66). Plaintiff further alleges equal protection and due process violations, as well as pendent state claims of assault, battery, failure to protect, negligence and intentional infliction of emotional distress. (¶ 71).

Several of the parties named here, claims, and the factual allegations surrounding these claims were previously brought by Plaintiff in *Pettiford v. Pucinski, et al.*, (Judge Gettleman 00 C 3225), filed on May 26, 2000. That case was dismissed for want of prosecution on December 19, 2000.

Defendants Sheahan, Remus, Edwards, Troka, Moore, Everhart, Martinez, and Solecki file the instant Motion to Dismiss Plaintiff's amended complaint because he has failed to state a claim upon which relief can be granted.

**STANDARD OF REVIEW**

Under Rule 12(b)(6) a claim may be dismissed if, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (quoting *Hishon v. King and Spaulding*, 467 U.S. 69, 73 (1984)). In reviewing a motion to dismiss, a district court's review is limited to the four corners of the complaint. *Gomez v. Illinois State Board of Education*, 811 F. 2d 1030 (7th Cir. 1987). The court should take the well-pleaded factual allegations of the complaint and view them, as well as reasonable inferences drawn from them, in the light most favorable to the plaintiff. *Gutierrez v. Peters*, 111 F. 3d 1364, 1369 (7th Cir. 1997). However, it should be noted that "[L]itigants may plead themselves out of court by alleging facts that may establish defendants' entitlement to prevail." *Bennett v. Schmidt*, 153 .3d 516, 519 (7th Cir. 1998).

**I. PLAINTIFFS § 1983 AND STATE BASED CLAIMS ARE TIME BARRED BY THE SATAUTE OF LIMITATIONS**

The time limit for bringing an action under § 1983 is governed by state law and is drawn from the limitation period provided by the forum state's personal injury. *Wilson v. Garcia*, 471 U.S. 261, 279 (1985). The statute of limitations for personal injury actions under 735 ILCS 5/13-202 in Illinois is two years. *Henderson v. Bolanda*, 253 F. 3d 928, 931 (7th Cir. 2001).

Plaintiffs § 1983 and pendent claims in the instant matter were filed on March 7, 2002. This Honorable court initially dismissed Plaintiff's complaint on April 18, 2002 and Plaintiff was given until May 19, 2002 to amend. On

3

May 29, 2002 Plaintiff's complaint was dismissed again by this Honorable Court. However, prior to the entry of that order, Plaintiff filed a motion for reconsideration and extension of time. On June 7, 2002, this Court vacated the dismissal and on July 2, 2002 granted Plaintiff's motion in part.

In examining Plaintiff's pleadings contained in ¶¶ 15-20, Plaintiff has realleged facts that have been previously ruled on by this Honorable Court. As Plaintiff's claims in these paragraphs occurred more than three months prior to April 26, 1996, they are time barred. See memorandum opinion and order dated July 2, 2002. Plaintiff's allegations in ¶ 18 of his Amended Complaint concerns claims that occurred in the Illinois Department of Corrections (IDOC) in 1996 and are not relevant to the instant case. Plaintiff filed two previous civil suits in the Circuit Court of Cook County, 99 L 6287 *Pettiford v. County of Cook, et. al.,* (Judge Larsen) and 99 L 3485 *Pettiford v. County of Cook, et. al.,* (Judge Hogan), which addressed a good portion of the allegations he has alleged in the instant case.

Plaintiff has also realleged in ¶¶ 21-25 of his Amended Complaint allegations that were raised in 99 L 6287. These paragraphs, as they relate to Defendant Edwards and Defendant Moore have likewise been previously ruled on by this Honorable Court in its memorandum opinion and order dated July 2, 2002. As this Court noted, 99 L 6287 was filed on June 8, 1999 and dismissed without prejudice on February 28, 2000. Plaintiff's appeal of this case was likewise dismissed for want of prosecution on March 15, 2001. To the extent that Plaintiff's allegations contained in ¶¶ 21-23 impact upon his

4

claim in Count II in the Amended Complaint, they are time-barred as this complaint was filed more than a year after February 28, 2001.

Paragraphs 26-46 of Plaintiff's Amended Complaint form the basis of the allegations contained in Count I, and focus on the events surrounding an incident Plaintiff alleges took place on February 24, 1999 in the C.C.D.O.C. They also form the basis for the underlying allegations contained in another civil suit Plaintiff filed in the Circuit Court of Cook County on March 26, 1999, 99 L 3485, which was subsequently dismissed for want of prosecution on or about September 18, 2001. As Plaintiff had within one year to re-file a suit dismissed without prejudice for want of prosecution under Illinois law, 735 ILCS 5/13-217, the instant case was timely filed on March 7, 2002. To whatever extent Plaintiff's claims were timely in 99 L 3485, this Honorable Court granted Plaintiff's motion to reconsider in part. *See* memorandum opinion and order dated July 2, 2002.

Any claims as to Sheriff Sheahan that were timely filed in 99 L 3485 and are included in Count I of the amended complaint were dismissed on a motion by Judge Hogan on December 21, 1999 after hearing argument and reviewing briefs. (See Defendants' Exhibit A court order)[2] Though claims Plaintiff made against Defendants Edwards and Remus in 99 L 3485 were timely, Plaintiff faces an additional hurdle with regard to those two Defendants which will be addressed later.

---

[2] The court may take judicial notice of matters of "public record" without converting a 12(b) motion into a motion for summary judgment. *Henson v. CSC Credit Services*, 29 F.3d 280 (7th Cir. 1994)

5

Allegations made by Plaintiff for the first time on March 7, 2002 as to Defendants Moore and Solecki for claims that allegedly occurred on February 24, 1999 are time barred, as they were filed more than a year after the applicable statute expired. Additionally, allegations made by Plaintiff for the first time on September 3, 2002 regarding February 24, 1999 as to Defendants Everhart, Martinez and Solecki fail for two reasons. First, these are parties and or claims that Plaintiff adds in his Amended Complaint that are even more remote than the above stated claims as they are than a year and a half past the applicable statute of limitations. Second, this Court specifically ordered that Plaintiff could not add new Defendants or causes of action that were not alleged in his original complaint.[3]

Likewise, Plaintiff's claim against Defendant Troka in ¶ 49 is also time barred under the applicable statute of limitations. On March 7, 2002 Plaintiff alleges for the first time that Troka was present when an unnamed or identified person struck him on February 14, 2000. As this claim was clearly raised more than two years after the alleged incident, it also is time-barred. In ¶ 55, Plaintiff claims that Defendant Troka did not deliver a notice of deposition to Plaintiff until August 30, 2001, the day before the deposition was to be given. This claim as to Defendant Troka likewise must be dismissed for two reasons, first, because it is not an act that is violative of Plaintiff's constitutional rights and fails to state a cognizable claim under § 1983. Second, this paragraph is

---

[3] In spite of this Court's clear instructions, Plaintiff nevertheless added Defendants Everhart, Martinez and new claims in ¶¶ 45 and 61 regarding Defendant Solecki improperly. As this is violative of this Court's order, these claims should be dismissed on this basis as well.

6

similarly in violation of this court's memorandum opinion and order dated July 2, 2002.[4]

Plaintiff's state-based claims of assault, battery, failure to protect, negligence and intentional infliction of emotional distress are also time barred. The Illinois Local Governmental and Governmental employees Tort Immunity Act ("the Act") section 745 ILCS 10/1-206 bars Plaintiff's pendent causes of action in his First Amended Complaint. The statute of limitations in this action is controlled by the Tort Immunity Act, 745 ILCS 10/8-101, which states in pertinent part:

> No civil action may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued. For purposes of this Article, the term "civil action" includes any action, whether based on the common law or statutes or Constitution of this State.

Plaintiff realleges ¶¶ 1-69 in support of his state based claims. All of the dates of injury that Plaintiff alleges regarding these claims fail to meet the statutory guidelines under "the Act's" provisions. Plaintiff's state law claims are barred by the one year statute of limitations since they were all filed more than one year after each of the dates that allege injury. The Tort Immunity Act clearly provides that local governmental units and their employees are not subject to suit beyond a one-year period. This provision makes no reference to

---

[4] It should be noted additionally, that in this Court's minute order dated July 2, 2002 Plaintiff was ordered to specifically allege when he filed his grievance as to each claim, when it was resolved, the date and result of any appeal. Failure to comply with that order would result in dismissal of the action in its entirety. Plaintiff has failed to comply with the Court's order, and on this basis as well, his Amended Complaint should be dismissed.

7

specific governmental agencies or categories of employees but rather limits liability for any civil action. 745 ILCS 10/8-101. *See also, Tosado v. Miller*, 188 Ill. 2d. 186, 720 N.E. 2d 1075 (1999) holding that Section 8-101 of the Tort Immunity Act governed the plaintiff's negligence claims against Cook County.

Therefore, based on the aforementioned case law, statutes, and pleadings, Defendants Sheahan, Troka, Moore, Everhart, Martinez and Solecki respectfully request that Plaintiff's Amended Complaint as to them in Counts I-IV and pendent claims be dismissed as patently time barred.

## II. PLAINTIFF'S CLAIMS AS TO DEFENDANTS SHEAHAN, REMUS, EDWARDS AND TROKA SHOULD BE DISMISSED UNDER THE DOCTRINE OF RES JUDICATA

Plaintiff alleged various claims under 42 U.S.C. § 1983 against eighteen different defendants in case 00 C 3225 filed May 26, 2000. Of those defendants, four of them are named in the instant case, Defendants Sheahan, Remus, Edwards and Troka.[5] Case 00 C 3225 was subsequently dismissed for want of prosecution on December 19, 2000. Unless otherwise stated by the court, dismissal for want of prosecution is dismissal with prejudice. *LeBeau v. Taco Bell, Inc.*, 892 F. 2d 605, 607 (7th Cir. 1989). As this dismissal was a final judgment with prejudice, res judicata prevents Plaintiff from bringing a new suit (02 C 1777) against any defendant named in a prior suit on any claim arising from the same set of operative facts. *Roboserve, Inc. v. Kato Kagaku Co., Ltd.*, 121 F. 3d 1027, 1034 (7th Cir. 1997). "Res judicata, however, operates not only as a bar to the further litigation of matters decided in the

---

[5] See Memorandum opinion and order of this Court, p. 8 entered July 2, 2002

8

prior action, but also to any issues which could have been raised." *Id.* quoting *Golden v. Barenborg and Salomon Brothers, Inc.*, 53 F. 3d 866, 869-70 (7th Cir. 1995) (citations omitted). In order for res judicata to apply, three requirements must be met: (1) an identity of the causes of actions; (2) an identity of the parties of their privies; and (3) a final judgment on the merits. *Id.* at 869.

Defendants Sheahan, Remus, Edwards and Troka in 00 C 3225 are the identical parties in the instant matter. A final judgment on all matters in 00 C 3225 was made. In examining the allegations contained in both pleadings, it is clear that with regard to the above named Defendants there are numerous instances where claims were based on the same or nearly the same factual allegations.

Almost all of the relevant dates that Plaintiff alleges he had claims for in the instant case were previously alleged in 00 C 3225. For instance, a prevalent claim Plaintiff raises throughout both cases between (April 1995-April 2000) is that Sheriff Sheahan failed to properly train or supervise employees working under him, that he conducted inadequate investigations, or that he was deliberately indifferent to excessive use of force reports, etc. The claims alleged against Defendant Sheahan are based on the same or almost the same factual allegations contained in both cases. This is precisely what the rationale of the *Roboserve* and *Golden* courts addressed. Thus, Plaintiff's claims against Sheahan in this case were alleged or should have been alleged in the 00 C 3225 case. *See also Bethea v. Illinois State Police*, 2002 U.S. Dist. LEXIS 13146

9

at *7. Therefore, Plaintiff's claims as to Defendant Sheahan in the instant case should be dismissed under the doctrine of res judicata.

Similarly, Plaintiff's claims as to Defendant Troka i.e., that he was preventing Plaintiff from pursuing his claim, preventing law library access, and access to court allegations are the same factual allegations previously raised by Plaintiff in 00 C 3225. As such, Plaintiff's claims in the instant case as to Defendant Troka should also be precluded on this additional basis under the doctrine of res judicata.

Plaintiff's claims as to Defendant Remus in the instant case are based upon the factual allegations centering around an incident that occurred on February 24, 1999 in which he claims he was struck by Defendant Remus, and other correctional members at a time when his tier was on lockdown. These claims arise out of the same transaction or event, that was previously detailed in 00 C 3225. Although Plaintiff in the instant matter has offered more details and different counts (I, IV), than was offered in 00 C 3225, both claims clearly come out of the same February 24, 1999 event that was claimed previously and as such, should be barred. "A party may not frustrate the application of res judicata 'by cloaking the same cause of action in the language of a theory of recovery untried in the previous litigation.'" *Golden v. Barenborg and Salomon Brothers, Inc.* 53 F. 3d at 870.

Lastly, Plaintiff's claims as to Defendant Edwards in the instant case are that he verbally complained to Edwards about medical treatment before and after February 24, 1999, and that Edwards conspired with other Defendants to

10

deny the rights of Plaintiff and others. He also states, in his Amended Complaint, that Defendant Edwards failed to properly report the February 24, 1999 incident, or that he altered it.[6] In case 00 C 3225 Plaintiff raised deliberate indifference and conspiracy claims as to Defendant Edwards. The claims raised as to Defendant Edwards in the instant case all concerned issues that could have, and should have been raised in 00 C 3225. Again, under the rationale in the *Roboserve* and *Golden* cases, Plaintiff's claims as to Defendant Edwards should be precluded under the doctrine of res judicata. Based on the aforementioned case law, Defendants Sheahan, Troka, Remus and Edwards respectfully request that Counts I-IV and pendent claims in Plaintiff's Amended Complaint as to them be dismissed on the additional doctrine of res judicata.

For all the foregoing reasons, Defendants Sheahan, Remus, Edwards, Troka, Moore, Everhart, Martinez and Solecki respectfully request that this Honorable Court dismiss Plaintiff's amended complaint.

Respectfully submitted,

RICHARD A. DEVINE
State's Attorney of Cook County

By: _____
Paul W. Groah
Assistant State's Attorney
Civil Actions Bureau
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-5147

---

[6] This new claim would appear, once again to be violative this Honorable Court's order that Plaintiff could not add new causes of action not alleged in the original complaint. See memorandum opinion and order entered July 2, 2002.

11

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

CELLO L. PETTIFORD, et. al., )
        Plaintiff, )
         )
v. ) No. 99 L 3485
         )
COUNTY OF COOK, et. al. )
        Defendants. )

ORDER

    This matter coming to be heard on Defendants Sheahan and Velasco's 2-619 motion to dismiss, due notice having been given, the court having heard argument and reviewed the briefs,

    IT IS HEREBY ORDERED:

    That, Defendants Sheahan and Velasco's 2-619 motion to dismiss is granted. There is no evidence that Defendants participated personally in any of the alleged constitutional violations to find them individually liable. According to Crowder v. Lash, 687 F.2d 996 (7th Cir. 1982), informing Defendants of grievances by letter is insufficient to find them individually liable; there must be personal participation by Defendants, such as participating in disciplinary hearings or the denial of requests. Otherwise, "any well informed Commissioner of Corrections [would be] personally liable for damages flowing from any constitutional violation occurring at any jail within that Commissioner's jurisdiction." Id. at 1005. Likewise, there is no evidence that Defendants were present and failed to intervene to prevent other law enforcement officers from infringing on Plaintiff's constitutional rights. As a result, Defendants cannot be held liable in their official capacities either. Gossmeyer v. McDonald, 128 F.3d 481 (7th Cir. 1997). Therefore, the counts against Defendants Sheahan and Velasco are dismissed and the counts against the remaining Defendants still stand.

JUDGE MICHAEL J. HOGAN
DEC 2 1 1999
Circuit Court-2477

Judge Michael J. Hogan


EXHIBIT A